*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RYAN PATRICK SMITH,

        Defendant-Appellant.

UNPUBLISHED
July 16, 2026
12:30 PM

No. 372353
Allegan Circuit Court
LC No. 2022-025164-FH

Before: ACKERMAN, P.J., and REDFORD and FEENEY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of second-degree criminal sexual conduct (CSC-II), MCL 750.520c(1)(b) (sexual contact with a household member between the ages of 13 and 16), and two counts of domestic violence, MCL 750.81(2). Defendant was sentenced to 4 to 15 years' imprisonment for the CSC-II convictions and 4 days in jail for the domestic violence convictions. We affirm.

## I. FACTUAL BACKGROUND

This case arises from defendant engaging in sexual contact with his stepdaughters, AS and KP. On numerous occasions, defendant touched AS and KP on their upper inner thighs, near the pubic bone, when they rode in his vehicle. Defendant did not touch his sons in this manner. Moreover, in 2021, defendant entered AS's bedroom, walked over to her, and pulled up her shirt before asking her why she was wearing a sports bra. That same morning, defendant entered KP's bedroom, picked up and threw KP over his shoulder, and started hitting KP's butt approximately five to six times while saying, "Charlie Horse." KP also accused defendant of touching her vagina area with his foot. Defendant was later arrested and charged with three counts of CSC-II and two counts of domestic violence.

Before trial, the prosecution provided defendant with a notice of intent to admit evidence under MCL 768.27a(1). At trial, AS's close friend, CT, who frequently visited AS, accused defendant of engaging in inappropriate conduct, which will be discussed further below. Defendant was found guilty of two counts of CSC-II and two counts of domestic violence.

## II. DISCUSSION

### A. STANDARD OF REVIEW

Defendant argues that testimony was improperly admitted under MCL 768.27a(1) because it did not involve defendant engaging in a listed offense against a minor. Generally, "[a] trial court's decision to admit evidence will not be disturbed absent an abuse of discretion." *People v Propp*, 508 Mich 374, 383; 976 NW2d 1 (2021). "An abuse of discretion occurs when a decision falls outside the range of reasonable and principled outcomes, and a trial court necessarily abuses its discretion when it makes an error of law." *People v Crumbley*, 346 Mich App 144, 167; 11 NW3d 576 (2023) (quotation marks and citation omitted). "However, whether a rule or statute precludes admission of evidence is a preliminary question of law that this Court reviews de novo." *Propp*, 508 Mich at 383.

### B. MCL 768.27a(1)

Defendant argues that he is entitled to a new trial because the trial court improperly admitted evidence under MCL 768.27a(1). We disagree.

MRE 402 states the general rule that all "[r]elevant evidence is admissible unless" excluded, in part, by another rule of evidence.

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

> (b) the fact is of consequence in determining the action. [MRE 401.]

Generally, character evidence is inadmissible when offered to establish a defendant's propensity to commit the charged offense under MRE 404(a)(1). *People v Watkins*, 491 Mich 450, 468; 818 NW2d 296 (2012). This Court has long recognized that character evidence is relevant in determining a defendant's guilt or innocence, as "an individual with a substantial criminal history is more likely to have committed a crime than is an individual free of past criminal activity." *Id.* at 470 (quotation marks and citation omitted). Thus, character evidence is not generally precluded at trial based on its relevance, but rather to protect a defendant against a jury convicting a defendant based on character rather than the evidence before the court in the current case. *Id.* at 468. Also, "propensity evidence might weigh too much with the jury and . . . so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge." *Id.* at 468-469 (quotation marks and citation omitted).

Although character evidence is generally inadmissible in criminal cases when offered to establish a defendant's propensity to commit the charged offense, MCL 768.27a(1) allows the prosecution to offer character evidence against a defendant charged with certain listed offenses against a minor. MCL 768.27a(1) and (2) provide that,

> in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense

against a minor is admissible and may be considered for its bearing on any matter to which it is relevant. If the prosecuting attorney intends to offer evidence under this section, the prosecuting attorney shall disclose the evidence to the defendant at least 15 days before the scheduled date of trial or at a later time as allowed by the court for good cause shown, including the statements of witnesses or a summary of the substance of any testimony that is expected to be offered.

(2) As used in this section:

(a) "Listed offense" means that term as defined in section 2 of the sex offenders registration act, 1994 PA 295, MCL 28.722.

Because MCL 768.27a(1) allows for other bad acts evidence to "be considered for its bearing on any matter to which it is relevant," including to establish a defendant's propensity to commit the charged offense, "MCL 768.27a permits the admission of evidence that MRE 404(b) precludes." *Watkins*, 491 Mich at 470. "Thus, the statute establishes an exception to MRE 404(b) in cases involving a charge of sexual misconduct against a minor." *Id*. at 471.

Where listed offenses are at issue, the analysis begins and ends with MCL 768.27a. If listed offenses are not at issue, even where an uncharged offense may genuinely constitute an offense committed against a minor that was sexual in nature, MCL 768.27a is not implicated, but this is not to say that evidence of the offense is inadmissible. We do not construe MCL 768.27a as suggesting that evidence of an uncharged sexual offense committed against a minor is inadmissible if the offense does not constitute a listed offense. Rather, the analysis simply turns to MRE 404(b) to decipher admissibility. Only where the evidence does not fall under the umbrella of MCL 768.27a, nor is otherwise admissible under MRE 404(b), should the court exclude the evidence. [*People v Smith*, 282 Mich App 191, 205-206; 772 NW2d 428 (2009).]

Defendant argues that the trial court improperly admitted a plethora of inadmissible testimony at trial over his standing objection to preclude testimony about defendant engaging in other nonsexual conduct with other minors, by arguing that such conduct was not a listed offense under MCL 768.27a(1). Specifically, defendant argues that the following list of testimony was inadmissible:

A. Defendant would tickle the children;

B. An incident where the defendant lifted up the crop top being worn by [AS] and commented about the impropriety of the sports bra she was wearing;

C. Defendant's habit of barging into the girls' bedroom without announcing himself;

D. A one-time incident where the defendant put donuts into two girls' mouths;

E. A one-time incident where the defendant brushed sand from one of the girls[;]

F. A one-time incident where the defendant interacted with two girls when they were wearing towels[;]

G. A one-time incident where the defendant was looking at images of women in their 20's who were not nude on his phone[;]

H. A one-time incident where [CT] had been playing with a dead fish, and where the defendant had commented about how it smelled at a time when his nose was close to [CT's] body.

Here, it is undisputed that defendant was on trial for committing a listed offense against a minor—CSC-II—under § 2 of the sex offenders registration act, thus satisfying the first requirement of MCL 768.27a. Defendant also does not challenge the notice requirement under MCL 768.27a. Rather, defendant argues that a plethora of the evidence used against him under the guise of the statute was actually inadmissible under MCL 768.27a. First, defendant claims that testimony accusing him of tickling AS and KP and lifting up AS's shirt was inadmissible. Defendant is incorrect because this evidence directly concerns defendant's CSC-II and domestic violence charges.

> (1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:
>
> (b) That other person is at least 13 but less than 16 years of age and any of the following:
>
> (*i*) The actor is a member of the same household as the victim.
>
> (*ii*) The actor is related by blood or affinity to the fourth degree to the victim. [MCL 750.520c(1)(b)(*i*) and (*ii*).]

Sexual contact is statutorily defined under MCL 750.520a, as follows:

> (q) "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:
>
> (*i*) Revenge.
>
> (*ii*) To inflict humiliation.
>
> (*iii*) Out of anger.

" 'Intimate parts' includes the primary genital area, groin, *inner thigh*, buttock, or breast of a human being."  MCL 750.520a(f) (emphasis added).

As discussed further below, this testimony proved that defendant engaged in sexual contact with AS and KP.  Both AS and KP testified that defendant would tickle their inner thigh, an intimate part of their body.  MCL 750.520a(f).  AS and KP were also between 13 and 16 years old and members of the same household as defendant when this conduct occurred.  The jury also concluded that defendant touched their inner thigh for a sexual purpose.  Thus, testimony accusing defendant of tickling AS's and KP's inner thighs was properly admitted at trial as evidence of defendant committing a listed offense against a minor.  MCL 768.27a.

Testimony concerning defendant lifting AS's shirt was also admissible because it supported the charge of domestic violence under MCL 750.81(2).  MCL 750.81(2) provides the following criteria for a charge of domestic violence:

> Except as provided in subsection (3), (4), or (5), an individual who assaults or assaults and batters the individual's spouse or former spouse, an individual with whom the individual has or has had a dating relationship, an individual with whom the individual has had a child in common, or a resident or former resident of the individual's household, is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

Battery means "an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (quotation marks and citation omitted).  Although defendant claims that testimony accusing him of touching and lifting AS's shirt was inadmissible, this testimony was proper to support defendant's charge of domestic violence to show that defendant battered AS by touching the clothing closely connected to her person, and evidence regarding the "conduct at issue" is not considered other bad acts evidence.  *People v Jackson*, 498 Mich 246, 262; 869 NW2d 253 (2015) (quotation marks and citation omitted).  Therefore, this testimony was not subject to analysis under MCL 768.27a(1) and was properly admitted at trial to support the charge of domestic violence.

Furthermore, the trial court did not err by admitting testimony accusing defendant of touching CT's butt and breast because, despite defendant's argument, this testimony was properly admitted as evidence of defendant committing a listed offense against a minor, CT, by satisfying the elements of CSC-IV.  "CSC-II and fourth-degree criminal sexual conduct (CSC-IV) are both listed offenses when committed against a minor." *People v Beck*, 510 Mich 1, 19; 987 NW2d 1 (2022).

> A person is guilty of criminal sexual conduct in the fourth degree if the person engages in sexual contact with another person and if any of the following circumstances exist: (a) That other person is at least 13 years of age but less than 16 years of age, and the actor is 5 or more years older than that other person. [MCL 750.520e(1)(a).]

Here, CT testified that she was between 13 and 14 years old when defendant, who was born in 1984, i.e., at least five years her senior, intentionally touched her butt—an intimate part of her body. MCL 750.520a(f). Defendant's conduct could reasonably be construed as being for a sexual purpose, as an adult male brushing sand off of a minor female's butt is inappropriate behavior. Therefore, this testimony was properly admitted as evidence of defendant committing a listed offense against a minor under MCL 768.27a(1). Additionally, although CT did not specify when defendant's nose contacted her breast, her testimony appeared to concern when she was at least 13 years old, thus allowing this testimony to be admitted as evidence of defendant committing another instance of CSC-IV against CT. Therefore, this testimony was properly admitted under MCL 768.27a(1).

Lastly, both instances of defendant touching CT were not excludable under MRE 403. Under MRE 403, a court may exclude relevant evidence when "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Testimony of defendant touching CT's butt and breast concerns defendant engaging in similar conduct to the allegations at issue during trial. In both instances, defendant is accused of touching an intimate body part of a minor female. This evidence is exactly what MCL 768.27a(1) allows to be admitted in a trial where a defendant is accused of committing a listed offense against a minor. In other words, defendant's problem with the evidence is the reason it is so probative—it clearly infers that defendant has a propensity to touch the intimate parts of a minor female, the crime for which he was on trial. And although "evidence admissible under MCL 768.27a remains subject to MRE 403, . . . courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 496. The probative value of this testimony relates to defendant's character as someone who would commit CSC, which weighs on the probative side of the scale, not the unfair prejudice side.

Furthermore, testimony accusing defendant of viewing photographs of women on his phone does not amount to inadmissible other bad acts evidence. To constitute other bad acts evidence, the evidence must present a risk of "an impermissible character-to-conduct inference." *Jackson*, 498 Mich at 262. This testimony does not present a risk of an impermissible character-to-conduct inference because it was not offered at trial to establish that defendant committed CSC-II, or to establish his bad character; but rather, it was elicited to explain the events leading up to AS and KP being removed from the house after defendant engaged in inappropriate conduct with them. This testimony was not excludable under MRE 403 because defendant used it to possibly explain why AS and KP accused him of CSC-II. Moreover, the prejudicial effect of this testimony was further diminished because testimony clearly indicated that defendant was looking at photographs of adult women, not children, further preventing an improper character inference inferring that defendant fixates on minor children. This testimony was also relatively brief and useful in understanding the events that caused AS and KP to seek help. Therefore, the trial court did not abuse its discretion by admitting this evidence at trial.

However, we agree with defendant that the remaining above-mentioned testimony was improperly admitted under MCL 768.27a(1). As defendant mentions, the prosecution elicited testimony indicating that defendant (1) would barge into the girls' bedroom without announcing himself and (2) had put a donut into the girls' mouths while they were wearing towels. This testimony was not a listed offense against a minor under MCL 768.27a(1) and amounted to

improper other bad acts evidence because it involves "crimes, wrongs, or acts 'other' than the 'conduct at issue in the case' that risks an impermissible character-to-conduct inference." *Jackson*, 498 Mich at 262. Both allegations imply that defendant acts inappropriately toward female minors while they are in vulnerable situations. This is problematic because, as defendant mentions, MCL 768.27a(1) only allows evidence of defendant engaging in other listed offenses against a minor. However, these allegations do not constitute a listed offense. As mentioned, this evidence would be considered character evidence, because it serves to prove defendant's propensity to act inappropriately toward female minors, which is generally impermissible unless the prosecution provided defendant with notice of its intent to offer this testimony at trial for a proper purpose under MRE 404(b)(3), such as defendant's "intent, preparation, scheme, plan, or system," and provide defendant with timely notice under MRE 404(b)(3), which did not occur. Therefore, this evidence was improperly admitted as other bad acts evidence.

However, even though this testimony was inadmissible, defendant is not entitled to a new trial because "a preserved, nonconstitutional error is not a ground for reversal unless 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative," and defendant has failed to show how these errors were outcome-determinative. *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). AS, KP, and CT offered ample admissible testimony to support the jury verdict concluding that defendant repeatedly touched their intimate body parts without their consent and over their objections and requests to stop. Evidence accusing defendant of repeatedly seeking out sexual contact with the girls weighs more heavily in favor of convicting defendant of CSC-II than a few references to defendant engaging in questionable conduct.

Defendant attempts to avoid this conclusion by claiming that these errors were not harmless because this case centered around witness credibility. To make this argument, defendant cites *People v Gursky*, 486 Mich 596; 786 NW2d 579 (2010). In *Gursky*, our Supreme Court noted that "[i]n a trial where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant, hearsay evidence may tip the scales against the defendant, which means that the error is more harmful." *Id*. at 620-621. Although witness credibility is important when no physical evidence is presented to support allegations of CSC-II, this case did not involve a one-on-one witness credibility battle. AS and KP both supplied admissible testimony against defendant to support the charged offenses. Additionally, defendant's own daughter, BS, confirmed that defendant hit KP's butt and had a history of being rough with the girls in the household. Additionally, our Supreme Court in *Gursky* recognized that inadmissible evidence is less prejudicial when the declarant is subject to cross-examination at trial. *Id*. at 621. As defendant notes, he engaged in cross-examination at trial to impeach the witnesses to allow the jury to give the proper weight to the witnesses' testimony before rendering a verdict.

Defendant also argues that these evidentiary errors require reversal because the inadmissible testimony dominated the testimony taken at trial and was referenced during the prosecution's closing arguments. We disagree because defendant's argument relies on this Court concluding that all of the alleged inadmissible testimony was, in fact, inadmissible. However, as mentioned above, only the testimony accusing defendant of barging into the girls' bedroom and putting a donut into the girls' mouths while they were wearing bath towels amounted to inadmissible testimony under MCL 768.27a(1). This evidence was not outcome-determinative because defendant cross-examined the witnesses to elicit discrepancies in their testimony, to

reduce their credibility, and to limit the prejudicial effect of the inadmissible evidence. Additionally, although the prosecution referenced inadmissible other bad acts evidence during cross-examination, this error does not require reversal because ample, admissible evidence indicated that defendant touched AS and KP for a sexual purpose, as described above. Therefore, defendant is not entitled to a new trial.

## C. INSUFFICIENT EVIDENCE

Defendant argues that insufficient evidence supported his CSC-II convictions. We disagree.

"We review de novo a challenge to the sufficiency of the evidence." *People v Savage*, 327 Mich App 604, 613; 935 NW2d 69 (2019). "We review the evidence in the light most favorable to the prosecution and determine whether the jury could have found each element of the charged crime proved beyond a reasonable doubt." *Id*. "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of a crime." *Id*. (quotation marks, citation, and alteration omitted). "We are also required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *Id*. (quotation marks and citation omitted).

To obtain a conviction in a criminal trial, "the prosecution is bound to prove the elements of the crime beyond a reasonable doubt." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). "[T]he prosecutor need not negate every reasonable theory consistent with innocence." *Id*. Instead, to obtain a conviction, the prosecution "need only convince the jury [of the defendant's guilt] in the face of whatever contradictory evidence the defendant may provide." *Id*. (quotation marks and citation omitted).

Here, defendant was convicted of CSC-II under MCL 750.520c(1)(b), which states:

(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

(b) That other person is at least 13 but less than 16 years of age and any of the following:

(*i*) The actor is a member of the same household as the victim.

(*ii*) The actor is related by blood or affinity to the fourth degree to the victim. [MCL 750.520c(1)(b)(*i*) and (*ii*).]

Sexual contact is statutorily defined under MCL 750.520a, as follows:

(q) "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

(*i*) Revenge.

(*ii*) To inflict humiliation.

(*iii*) Out of anger.

" 'Intimate parts' includes the primary genital area, groin, *inner thigh*, buttock, or breast of a human being." MCL 750.520a(f) (emphasis added).

Here, sufficient evidence supported defendant's CSC-II convictions. Defendant does not dispute that AS and KP were under 16 years old and members of the same household as him when he touched their inner thighs. Instead, defendant argues that there was insufficient evidence to support the jury concluding that he touched their thighs, i.e., made sexual contact with AS and KP, for a sexual purpose. However, sufficient, admissible circumstantial evidence established that defendant touched their inner thighs for a sexual purpose. "The element of intent," like proving that defendant touched their thighs for a sexual purpose, "may be inferred from circumstantial evidence." *People v Kenny*, 332 Mich App 394, 403; 956 NW2d 562 (2020). Moreover, "[b]ecause it can be difficult to prove a defendant's state of mind on issues such as intent, minimal circumstantial evidence suffices to establish a defendant's state of mind," which can be "inferred from his or her actions." *Id*.

AS and KP testified that defendant would grab and squeeze their inner thighs near the hipbone when they rode in his vehicle, despite their objections. KP also indicated that defendant would not touch the boys in this manner. This testimony provides circumstantial evidence for the jury to conclude that defendant purposely sought out physical contact with the intimate parts of AS and KP for a sexual purpose because he refrained from touching the boys in this manner. This evidence defeats defendant characterizing this conduct as mere roughhousing because, had defendant intended this conduct to be innocent roughhousing, it is likely he would have touched the boys in a similar manner. Additionally, this conclusion is bolstered by KP's testimony, which indicated that defendant gradually started touching and squeezing her upper inner thigh, causing his pinky finger to touch her vaginal area. Defendant gradually touching KP in a more intimate manner provides further circumstantial evidence for the jury to conclude that he made contact with AS and KP for a sexual purpose. Lastly, circumstantial evidence elicited through the testimony of AS and KP provided sufficient evidence to support defendant's CSC-II convictions because a victim's testimony in a CSC-II case does not need to be corroborated. MCL 750.520h. Therefore, sufficient evidence supported defendant's convictions for CSC-II.

Defendant also argues that other bad acts evidence should not have been considered in concluding if sufficient evidence supported defendant's convictions for CSC-II. Defendant is incorrect because the admissible other-acts evidence discussed above "may be considered for its bearing on *any* matter to which it is relevant," including defendant's intent for physically contacting AS and KP. MCL 768.27a(1) (emphasis added). Additionally, defendant argues that testimony regarding grooming should not have been considered in determining if defendant was guilty of CSC-II. The prosecution acted within its purview by indicating that defendant groomed AS and KP. This testimony assisted the jury in determining that defendant made sexual contact with them for a sexual purpose because, contrary to defendant's argument, testimony showed that defendant groomed AS and KP. For example, KP testified that defendant originally touched her

lower leg before eventually touching further up her leg near her hip bone. AS similarly accused defendant of repeatedly touching her inner thigh in an inappropriate manner, too. Therefore, testimony accusing defendant of grooming AS and KP was properly admitted to support the jury in concluding that defendant made sexual contact with AS and KP for a sexual purpose.

Defendant also argues that insufficient evidence supported his convictions for CSC-II by alleging that AS and KP were impeached at trial, and without their testimony, insufficient evidence supports defendant's CSC-II convictions. In reviewing defendant's sufficiency claim, this Court must make credibility choices in favor of the jury's verdict. *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018). Thus, it is for the finder of fact—the jury—not the appellate court, to assess witness credibility. *Id*. So any discrepancies between AS's and KP's testimony were for the jury to consider before weighing their testimony and rendering a verdict.

Defendant also argues that the inner thigh is not an intimate part of the body, and because it is not an intimate part of the body, there was insufficient evidence to conclude that defendant made sexual contact with AS and KP for a sexual purpose. This argument has no merit because a person's intimate body parts include the *inner thigh*. MCL 750.520a(f). Moreover, defendant ignores the fact that the jury determined that defendant touched AS's and KP's inner thigh for a sexual purpose. So it is immaterial whether defendant believes that this sexual contact was not made for a sexual purpose because the jury concluded otherwise. Therefore, sufficient evidence was presented at trial to conclude that defendant made sexual contact with their inner thighs for a sexual purpose.

With respect to the last few arguments by defendant, regarding admissibility of evidence, they are not properly presented with an argument regarding sufficiency. Pertinently, when a trial court makes an evidentiary error, such as those alleged above, the remedy is for defendant to receive a new trial without the inadmissible evidence. See *People v Bynum*, 496 Mich 610, 633; 852 NW2d 570 (2014) (stating that a *new trial* is required for an evidentiary error only when the defendant is prejudiced by such error). On the other hand, when this Court decides that a conviction was not supported by sufficient evidence at trial, the remedy is an acquittal. See *Evans v Michigan*, 568 US 313, 318-319; 133 S Ct 1069; 185 L Ed 2d 124 (2013) ("[O]ur cases have defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense."). This is important because, when the relief required is an acquittal, "the Double Jeopardy Clause bars retrial . . . ." *Id*. at 318. Given this interplay, this Court has previously opined, "The sufficiency of the evidence is an issue separate and distinct from the question of admissibility." *People v Chavies*, 234 Mich App 274, 285; 593 NW2d 655 (1999), overruled on other grounds by *People v Williams*, 475 Mich 245; 716 NW2d 208 (2006) (overruling the *Chavies* Court's decision regarding the 180-day rule in MCL 780.131). Thus, even if defendant was correct about the admissibility of any of the evidence, such evidence would still be considered for his claim of insufficiency of the evidence. The effect inadmissible evidence might have had on the outcome of trial is addressed under the prejudice prong of the analysis when deciding if defendant is entitled to a new trial. As a result, this argument lacks merit without the need to address admissibility.

## D. EVIDENTIARY ERROR

Defendant also argues that the trial court abused its discretion by excluding impeachment evidence from trial. We disagree.

"A trial court's decision whether to admit or exclude evidence will be affirmed in the absence of a clear abuse of discretion." *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012). "The trial court abuses its discretion when its decision is outside the range of principled outcomes." *Id*. "We review de novo the trial court's rulings on preliminary questions of law regarding the admissibility of evidence, such as the application of a statute or rule of evidence." *Id*. "A preserved trial error in admitting or excluding evidence is not grounds for reversal unless, after an examination of the entire cause, it affirmatively appears that it is more probable than not that the error was outcome determinative." *Id*.

Generally, all relevant evidence is admissible at trial. MRE 402. Relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." MRE 401. "A fact that is 'of consequence' to the action is a material fact." *People v Brooks*, 453 Mich 511, 518; 557 NW2d 106 (1996). "Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial." *Id*. (quotation marks and citation omitted). However, even relevant evidence may be excludable under MRE 403 "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

At trial, the prosecution asked AS how defendant's conduct affected her, to which AS responded:

> I don't wear the clothes that I would like to wear anymore. I wear hoodies and sweatpants everywhere that I go like even in the summertime. We just went to the store and bought me new clothes.

Defendant moved the trial court to admit photographs, which AS allegedly posted on social media, to impeach her testimony and to show that defendant's conduct did not cause her to alter her wardrobe like she claimed. The trial court precluded these photographs under MRE 403.

Assuming without deciding that these photographs were relevant at trial, they were properly excluded under MRE 403. These photographs were excludable under MRE 403 because they improperly risked inflaming the jury. Certain photographs depict AS making an inappropriate gesture with her middle finger and show her cleavage and stomach. This is problematic because defendant was on trial for CSC-II, so if the jury saw photographs of AS dressing provocatively, the jury could improperly use these photographs to find that AS encouraged defendant's conduct. Also, the photographs of AS making a gesture with her middle finger may unduly prejudice the prosecution's case because the jury could use these marginally relevant photographs to question her character, which distracts the jury from the issues in the case. At best, defendant has presented a close call, and we must defer to the trial court's discretion in such instances. *King*, 297 Mich

App at 472. Therefore, because the trial court's decision to exclude these photographs was within "the range of principled outcomes," the trial court did not abuse its discretion by excluding these photographs from trial because they were unduly prejudicial under MRE 403. *King*, 297 Mich App at 472.

Affirmed.[1]

/s/ Matthew S. Ackerman
/s/ James Robert Redford
/s/ Kathleen A. Feeney

---

[1] We decline to address defendant's remaining argument alleging that cumulative errors at trial warrant a new trial because cumulative errors did not occur at trial, as mentioned above. Even if cumulative errors did occur at trial, defendant has abandoned this issue for not specifying which errors require remanding this case for a new trial. *People v Smith*, 439 Mich 954, 954; 480 NW2d 908 (1992) ("A party who seeks to raise an issue on appeal but who fails to brief it may properly be considered to have abandoned the issue.").